ORIGINAL

08F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
YUN CHENG CHEN and YONG HE ZENG,

                Plaintiffs,

-against-

CINCINNATI INCORPORATED,

                Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-06-3057 (FB) (VP)

*Appearances*
*For the Plaintiffs:*
ERIC DINNOCENZO, ESQ.
Trief & Olk
150 East 58th Street, 34th Floor
New York, NY 10155

*For the Defendant:*
BRIAN P. CROSBY, ESQ.
Gibson, McAskill & Crosby
900 Chemical Bank Building
69 Delaware Avenue
Buffalo, NY 14202

*For Interested Party Chan & Fungs Hardware*
LAWRENCE EPSTEIN, ESQ.
Newman, O'Malley & Epstein, P.C.
217 Broadway, Suite 500
New York, NY 10007

**BLOCK, Senior District Judge:**

        On January 4, 2007, Magistrate Judge Pohorelsky conducted a hearing in which he ruled on "various discovery motions made by the parties." Docket Entry #48 (Minute Entry). Plaintiffs timely filed written objections pursuant to Fed. R. Civ. P. 72, seeking an order from the Court modifying those rulings. In response, non-party employer Chan & Fungs Hardware ("Chan & Fungs") moved for sanctions pursuant to Fed. R. Civ. P. 11. For the reasons stated below, both applications are denied.

1

## I.

Pursuant to Rule 72, where a party has timely filed objections to a magistrate judge's order regarding a nondispositive matter, "[t]he district judge . . . shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

### A. Breadth of Discovery

Plaintiffs seek an order requiring defendant to produce "complaints, deposition transcripts, and interrogatory answers relating to all other crush injury accidents at the point of operation for any model Cincinnati mechanical press brake where the press brake (i) had a foot pedal, or (ii) did not have a work support, or (iii) did not have a backstop." Pl.'s Written Objections at 22. In support, they cite several cases for the proposition that "different models of a product will be relevant if they share with the accident-causing model those characteristics pertinent to the legal issues raised in the litigation." *Fine v. Facet Aerospace Prods. Co.*, 133 F.R.D. 439, 441 (S.D.N.Y. 1990); *see also Culligan v. Yamaha Motor Corp.*, 110 F.R.D 122, 126 (S.D.N.Y. 1986) ("[D]iscovery of similar, if not identical, models is routinely permitted in product liability cases.").

In granting in part and denying in part plaintiffs' request to broaden discovery, Magistrate Judge Pohorelsky stated that plaintiffs were "entitled to discovery of actions where all of those factors [foot pedal, no work support and no backstop] were involved," and that "[t]o the extent that [plaintiffs] get[ ] other models [of mechanical press brake], they have to get those three features at play. . . . [T]hat's the specificity that is required."

2

Tr. at 54.[1] When urged by plaintiffs' counsel to broaden discovery further, he stated, "if you just want to know how many injuries were caused because somebody hit the foot guide by accident just as a sheer number, you're entitled to know that." *Id.* at 56. There is nothing in these statements, or other portions of the transcript, to suggest that Magistrate Judge Pohorelsky's ruling regarding the breadth of discovery to be permitted was clearly erroneous or contrary to the law as set forth by plaintiffs.

**B. Database**

Second, plaintiffs seek an order "requiring Cincinnati to produce its computer database with respect to the accidents referred to [in their first objection]." Pl.'s Written Objections at 22.

In granting in part and denying in party defendant's motion for a protective order, Magistrate Judge Pohorelsky ruled that the computer database, not the information in it, was protected by the work product privilege. *See id.* at 45-46 ("[T]he information on the computer listing is not protected. The computer listing is. . . . I'm not suggesting that . . . you're required to turn over the database.").

Plaintiffs argue that defendant should be compelled to produce the database because it "do[es] not reflect opinions or thought processes of attorneys"; in support of this conclusion, plaintiffs' cite portions of the deposition testimony of Scott Whittington ("Whittington"), defendant's Product Safety Manager, describing the content of the

---

[1] "Tr." refers to the transcript of proceedings held before Magistrate Judge Pohorelsky on January 4, 2007. *See* Pl.'s Aff. in Support, Ex. B (Transcript).

database. Pl.'s Written Objections at 14. Defendant responds that the database was maintained by Whittington in anticipation of litigation, and is therefore privileged. *See* Def.'s Opp'n at 10. Given this factual dispute, Magistrate Judge Pohorelsky's ruling – allowing limited discovery into the content of the database without compelling production of the database itself – was neither clearly erroneous nor contrary to any law cited by plaintiffs.

## C. Second Deposition of Whittington

Third, plaintiffs seek an order requiring defendant to produce Whittington for a second deposition. *See* Pl.'s Written Objections at 22. Since Magistrate Judge Pohorelsky deferred ruling on that request, *see* Docket Entry #48 (Minute Entry), the Court need not address it at this time.

## D. Attorney's Fees for Chan & Fungs

Fourth, plaintiffs seek an order striking that portion of January 4, 2007 rulings requiring them to pay the attorney's fees of Mr. Epstein, counsel to Chan & Fungs. *See* Pl.'s Written Objections at 22. In support, plaintiffs allege that Mr. Epstein's services were not required during the inspection of Chan & Fungs' press brake or, if required, were only required due to Chan & Fungs' efforts to impede inspection on two prior occasions. In response, Chan & Fungs states that counsel's presence at the inspection was required to protect its interests, and that the third inspection was only necessary because plaintiffs had refused to sign a waiver to test the press brake themselves or allow Chan & Fungs to conduct the test at the first two inspections. In light of this factual dispute, the Court cannot

conclude that Magistrate Judge Pohorelsky's ruling was clearly erroneous; as plaintiffs cite no law in support of their argument, there is no basis for determining that the ruling was contrary to law.

**E. Extension of Deadlines**

Finally, plaintiffs seek an order extending the deadlines for joining new parties, discovery and expert disclosure. *See* Pl.'s Written Objections at 22. Since Magistrate Judge Pohorelsky has suspended the Court's prior deadlines, *see* Docket Entry # 57 (Minute Entry dated Jan. 22, 2007), the Court need not address plaintiffs' application at this time.

**II.**

Chan & Fungs, in opposition to plaintiffs objection regarding payment of attorney's fees, seeks sanctions against plaintiffs pursuant to Fed. R. Civ. P. 11. *See* Docket Entry #58 (Response in Opp'n) at 7 (characterizing plaintiffs' objection as "frivolous"). Given the underlying factual dispute between plaintiffs and Chan & Fungs regarding the nature of Mr. Epstein's work and what would constitute a reasonable rate of compensation, *see, e.g.*, Pl.'s Written Objections at 20 ("[E]ven if the presence of an attorney was justified, certainly it was excessive to have one present at the rate of [$350.00] an hour."), the Court cannot conclude that plaintiffs' objection was entirely frivolous; accordingly, sanctions are not warranted.

## CONCLUSION

The applications are denied in their entirety.

**SO ORDERED.**

/signed/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 29, 2007