UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
YU CHENG CHEN, et al.,

                Plaintiffs,                          **ORDER**

     - v -

                                                   CV-06-3057 (FB)(VVP)

CINCINNATI INCORPORATED,

                Defendant.
-------------------------------------------------------------------x

        The plaintiffs in this products liability case have moved for an order compelling the defendant to produce the transcripts of depositions taken in some 70 lawsuits in which plaintiffs were injured under circumstances alleged to be similar to those that caused the plaintiff Chen's injuries in this action. The machine that caused his injuries here, a brake press, is a device that forms metal products by applying great pressure to sheets of metal to bend and shape the metal, with the use of dies, to the specifications desired. The plaintiff Chen was injured when his hand was caught between the "jaws" of the brake press when he accidentally hit the foot switch that operates the press while reaching between the jaws to retrieve a piece of material that had fallen behind the machine. The plaintiffs contend that they need the transcripts "to effectively prove their claim in this action," Plt'ff's Letter, Mar. 15, 2007, at 2, but have not clearly articulated precisely what it is that they believe the 70 transcripts will prove. At a conference in which the general issue of discovery about other accidents involving the defendant's machines was addressed, the plaintiffs' counsel argued that they were entitled to explore evidence concerning other similar accidents in an effort to establish that the conditions that led to the plaintiff's accident here were so dangerous as to give rise to a continuing duty by the defendant to make modifications to the machine at issue here even after the machine was manufactured some fifty years ago.

        By prior order the defendant has already provided the plaintiffs with substantial information about the circumstances that gave rise to the 70 allegedly similar accidents for which the plaintiffs now seek deposition transcripts, including the name of the injured person, the date of the occurrence, details about how the accident occurred and the specific model of brake press that caused the injury. The plaintiffs have not provided, nor does the court perceive, any indication why that information is not sufficient to satisfy the plaintiffs' asserted need for

evidence of allegedly similar accidents for the purpose of establishing the continuing duty the plaintiffs have asserted as justification for this discovery. The transcripts themselves would be inadmissible hearsay, at least insofar as they described any further details of the accidents.

Although the plaintiffs have cited two cases in which courts have ordered the production of deposition transcripts from other lawsuits, the circumstances in those cases were distinct from those presented here and neither involved production of transcripts as extensive as that sought here. *See Carter-Wallace, Inc. v. Hartz Mountain Industries, Inc.*, 92 F.R.D. 67, 69-70 (S.D.N.Y. 1981) (in antitrust action, production of transcripts limited to one other recently litigated case); *Repka v. Arctic Cat, Inc.*, 300 A.D.2d 1019, 1020, 753 N.Y.S.2d 635, 635 (App. Div. 4th Dep't 2002) (in products liability action, production of transcripts limited to prior deposition testimony given by two of defendant's representatives concerning the specific defect at issue). Moreover, the scope of discovery provided in this action is entirely consistent with the approach of other courts, none of which ordered the production of deposition transcripts. *See, e.g., Cornelius v. Consolidated Rail Corp.*, 169 F.R.D. 250, 252 (N.D.N.Y. 1996); *Culligan v. Yamaha Motor Corp., USA*, 110 F.R.D. 122, 127 (S.D.N.Y. 1986); *Singh v. Hobart Corp.*, 302 A.D.2d 444, 445 (2nd Dep't 2003); *Van Horn v. Thompson & Johnson Equipment Co., Inc.*, 291 A.D.2d 885, 886 (4th Dep't 2002).

The defendant has provided an estimate, substantiated by its own prior experience in this action, that the retrieval, copying and production of the deposition transcripts sought by the plaintiffs here would entail 150 hours of work. That burden more than outweighs whatever marginal assistance the transcripts would provide to the plaintiffs beyond what has already been disclosed concerning the accidents. *See* Fed. R. Civ. P. 26(b)(2)(C). Accordingly, the plaintiff's motion to compel production of transcripts is denied.

                                       **SO ORDERED:**

                                       */s/ Viktor V. Pohorelsky*
                                       VIKTOR V. POHORELSKY
                                       United States Magistrate Judge

Dated:    Brooklyn, New York
           April 20, 2007