UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
YU CHENG CHEN, et al.,

                      Plaintiffs,                **ORDER**

     - v -

                                            CV-06-3057 (FB)(VVP)

CINCINNATI INCORPORATED,

                      Defendant.
-----------------------------------------------------------------x

       Having been granted leave by this court's order dated April 20, 2007, the plaintiffs have now filed an amended complaint which adds a new party, C. C. & F. Realty Corp., as a defendant. By letter dated April 25, 2007, the plaintiffs now seek an order remanding the case to the Supreme Court, Kings County, whence the case was removed, on the ground that this court no longer retains subject matter jurisdiction over the action. As C. C. & F. Realty Corp. is a New York corporation with its principal place of business in New York, and as the plaintiffs are New York residents, there is no dispute that jurisdiction based on diversity of citizenship no longer obtains, and since that was the sole basis for jurisdiction in this court, the requested order must be granted. *See* 28 U.S.C. §§ 1332(a), (c)(1), 1447(e).

       The defendant Cincinnati, Inc. does not oppose the request for remand (having acquiesced in the motion to amend which the parties understood would lead to remand if granted), but has asked the court to endorse a stipulation permitting the defendant to again remove the action to this court if, after remand, C. C. & F. Realty Corp. is subsequently dismissed from this case by the state court. In view of certain language found in 28 U.S.C. § 1446(b), the court is unable to endorse the stipulation. That subsection addresses actions which, although not removable based on an initial pleading, subsequently become removable because of "an amended pleading, motion, order or other paper from which it may first be ascertained that

the case is one which is or has become removable . . . ." The subsection also contains a limitation on removability in such circumstances, however, which prohibits removal on the basis of diversity jurisdiction more than one year after the commencement of the action. Whether and how this limitation may apply to a subsequent removal in this case are issues that are not ripe for decision now, and the court is therefore not in a position to enter an order now permitting removal in the future based on possible future events.

The newly added defendant has asked that this court entertain a motion it intends to make seeking to dismiss the action against it on the ground that there is no reasonable basis to commence the action. Because this court no longer retains subject matter jurisdiction of the case, the court has no authority to entertain and decide that, or indeed any, motion. *See generally* Erwin Chemerinsky, *Federal Jurisdiction* 259 (4th ed. 2003) ("[F]ederal courts have limited jurisdiction; that is, they are restricted in what cases they may adjudicate *and may exercise jurisdiction only if it is specifically authorized.*") (emphasis added).

The plaintiffs' motion to remand is granted. The clerk of the court is directed to take appropriate steps to return this case to the Supreme Court of the State of New York, Kings County.

                                                        **SO ORDERED:**

                                                        *Viktor V. Pohorelsky*
                                                        VIKTOR V. POHORELSKY
                                                        United States Magistrate Judge

Dated: Brooklyn, New York
      May 3, 2007